# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES I. NILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0300-CV-W-DW-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff James I. Nile seeks judicial review of a final decision of the Commissioner of Social Security Administration denying his application for benefits under Title XVI of the Social Security Act. On March 29, 2002, the administrative law judge[1] ("ALJ") found Plaintiff was not under a disability as defined by the Act and therefore was not entitled to benefits. Plaintiff sought review of this decision in this Court and on October 2, 2003, the Court remanded for further proceedings. On December 17, 2004 the ALJ again found Plaintiff was not under a disability as defined by the Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). The complete facts and arguments are presented in the parties' briefs, and will not be duplicated here.

The Court's review is limited to determining whether the ALJ's "determination is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Id. The reviewing court must consider

---

[1] The Honorable Jack R. Reed

the whole record, including evidence that supports the decision as well as evidence that detracts from it. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Existence of substantial evidence supporting a contrary outcome does not require reversal by the reviewing court. Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005). So long as the decision is supported by substantial evidence on the record, the reviewing court must affirm. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005).

After a careful review of the parties' briefs and the entire record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.

Plaintiff complains that the ALJ erred in not giving substantial weight to Nile's treating medical source, Dr. Nancy Israel. However, it is the responsibility of the ALJ to resolve conflicts in the medical evidence. See Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999). An ALJ may discount medical evidence unsupported by clinical findings or in conflict with other medical evidence in the record as a whole. Id. Judge Hays' concerns that resulted in remand of the first review of this case have been remedied by inclusion in the record of recent medical evidence and clarification of the date of the medical assessment by Dr. Nancy Israel on January 4, 2002. Upon review, the Court finds that the ALJ considered all the medical opinions contained within the record and made no errors in resolving conflicts.

Plaintiff also argues that the ALJ erred in finding him not fully credible and failing to consider the testimony of Cory Brown, Plaintiff's case worker at Truman Medical Center. As to Mr. Brown, the Court agrees that it would have been preferable for the ALJ to discuss his testimony in the second decision. However, the Court is reluctant to set aside the ALJ's decision for an "arguable deficiency in opinion writing technique" when the record in this case supports the ultimate determination. Cf. Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992). This is especially true

here as Mr. Brown's testimony was duplicative of other medical evidence in the record. As to the Plaintiff, the ALJ discussed his allegations in detail utilizing the well-known Polaski factors. The Court finds that the ALJ's determination that Plaintiff was not fully credible is supported by substantial evidence on the record as a whole.

Finally, Plaintiff argues that the hypothetical question posed to the vocational expert did not include all of his impairments. As a rule, the hypothetical question posed to the vocational expert must set forth the claimant's impairments with reasonable precision. Grissom v. Barnhart, 416 F.3d 834, 837 (8th Cir. 2005). However, the hypothetical question need only include the limitations and impairments the ALJ finds credible based on the whole record. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question presented to the vocational expert included all the impairments the ALJ found credible, the Court finds the Commissioner satisfied his burden of showing that Plaintiff could perform other work.

Accordingly, Plaintiff's claims are denied and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Date: September 12, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

3